ON APPLICATION FOR REINSTATEMENT
PER CURIAM.
| ]This proceeding arises out of an application for reinstatement filed by petitioner, Christopher D. Matchett, an attorney currently suspended from the practice of law in Louisiana.
UNDERLYING FACTS AND PROCEDURAL HISTORY
In In re: Matchett, 09-0274 (La.3/13/09), 4 So.3d 798, we accepted a joint petitioner for consent discipline filed by petitioner and the Office of Disciplinary Counsel (“ODC”) and imposed a two-year suspension upon petitioner, retroactive to the date of his interim suspension in In re: Matchett, 07-2115 (La.10/31/07), 967 So.2d 487, for operating a vehicle while under the influence of alcohol and possessing and using illegal drugs. Petitioner subsequently filed an application for reinstatement with the disciplinary board, alleging he has complied with the reinstatement criteria set forth in Supreme Court Rule XIX, § 24(E). The ODC took no position regarding the application for reinstatement. Accordingly, the matter was referred for a formal hearing before a hearing committee.
Following the hearing, the hearing committee recommended that petitioner be reinstated to the practice of law, subject to conditions. Neither petitioner nor the ODC objected to the hearing committee’s recommendation.
After considering the record in its entirety, we will adopt the committee’s recommendation and reinstate petitioner to the practice of law. As found by the | ^committee, the record provides clear and convincing evidence of petitioner’s compli- *1154 anee with the reinstatement criteria. In particular, the record supports the finding that petitioner has pursued appropriate treatment, he has abstained from the use of alcohol and drugs for at least one year, and he is likely to continue to abstain from the use of alcohol and drugs. Under these circumstances, petitioner has shown that he possesses the requisite competence, honesty, and integrity to be reinstated to the practice of law. Nevertheless, we find further precautions are warranted to insure that the public will be protected upon petitioner’s return to practice. See Supreme Court Rule XIX, § 24(J).
Accordingly, we will grant the petition for reinstatement and reinstate petitioner to the practice of law, subject to the following conditions:
1. Petitioner shall be associated with an experienced supervising lawyer as opposed to practicing as a solo practitioner;
2. Petitioner shall extend his current contract with the Lawyers Assistance Program (“LAP”) for a period of five years and fully comply with the terms and conditions thereof;[1]
3. Petitioner shall be responsible for ensuring that monthly reports of his progress and participation in LAP are forwarded to the ODC;
4. Upon the expiration of the term of petitioner’s LAP agreement, the Executive Director of LAP shall forward to the ODC (a) a final report of petitioner’s progress and participation in LAP, and (b) a recommendation regarding the need for petitioner’s continued participation in LAP; and
5.Petitioner shall cooperate with LAP and the ODC, and shall comply with any and all requirements imposed upon him by LAP and the ODC.
| sAny failure of petitioner to comply with these conditions, or any violation of the terms and conditions of petitioner’s recovery agreement, may be grounds for immediately transferring him to disability inactive status, or placing him on interim suspension, as appropriate.
DECREE
Upon review of the recommendation of the hearing committee, and considering the record, it is ordered that Christopher D. Matchett, Louisiana Bar Roll number 8444, be immediately reinstated to the practice of law in Louisiana, subject to the conditions set forth herein. All costs of these proceedings are assessed against petitioner.[2]

. Petitioner’s current LAP contract expires on January 20, 2015. The five-year extension that is a condition of petitioner’s reinstatement will subject him to monitoring by LAP until at least 2018.

. The hearing committee recommended that we waive or defer costs for one year in light of petitioner’s financial status. While we decline to adopt this recommendation, we note petitioner has the option of negotiating a periodic payment plan with the disciplinary board pursuant to Supreme Court Rule XIX, § 10.1(D). The ODC has indicated it is amenable to execution of a payment plan "setting forth a schedule of payments to commence one year from the date [petitioner] is reinstated to the practice of law if approved by the Louisiana Supreme Court.”